IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anny Zalesne,<br><br>        Plaintiff,<br><br>vs.<br><br>RPM Transport and Logistics, LLC, and Thomas Emerson,<br><br>        Defendants. | Case No.: _____3:25-cv-13875-CMC_____<br><br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff, Anny Zalesne (hereinafter styled "Plaintiff"), brings this Complaint against RPM Transport and Logistics, LLC (hereinafter styled "Defendant RPM") and Thomas Emerson (hereinafter styled "Defendant Emerson;" collectively styled "Defendants") based upon the allegations set forth below:

**FACTS, PARTIES, JURISDICTION, & VENUE**

1. Plaintiff is a citizen and resident of the state of South Carolina.

2. Upon information and belief, Defendant Emerson is a citizen and resident of the state of Georgia.

3. Upon information and belief, Defendant RPM is a domestic corporation organized and existing in Dawson County, Georgia.

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of the parties and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5. The Court has subject-matter jurisdiction over the claims in this lawsuit and personal jurisdiction over Defendants because Defendant RPM is in the business of freight hauling

and the company and its agents use the interstates and highways of the State of South Carolina to conduct Defendant RPM's business.

6. By using the interstates and highways of the State of South Carolina, Defendants have purposely availed themselves of the privileges and benefits of conducting commercial activity in the State of South Carolina.

7. Venue is proper in the Columbia Division because the incident complained of by Plaintiff occurred in Lexington County, South Carolina.

8. This controversy stems from a wreck caused by Defendant Emerson who was driving a commercial tractor-trailer on Interstate 26 in Lexington County, South Carolina on October 27, 2023, as an employee and/or agent of Defendant RPM.

9. Defendant Emerson collided with the rear of Plaintiff's vehicle when traffic slowed.

10. As a result of the crash, Plaintiff sustained severe injuries.

11. Defendant RPM is liable for Defendant Emerson's actions that contributed to the collision under the doctrine of respondeat superior.

12. Defendants are jointly and severally liable for the acts and/or omissions committed and alleged in this Complaint.

13. By reason and in consequence of the Defendants' aforesaid acts and/or omissions, Plaintiff sustained past, present, and future damages, including but not limited to:

    a. expenses for medical services;

    b. physical impairment;

    c. lost enjoyment of life;

    d. physical pain and suffering;

    e. mental anguish; and

f.   such other particulars as may be found through discovery or trial.

## FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness/Negligence *Per Se*)

14. Plaintiff incorporates all allegations of the preceding paragraphs into this cause of action.

15. Defendant Emerson was negligent, careless, reckless, negligent *per se*, and/or grossly

negligent in at least one of the following ways:

a.   choosing to drive too fast for conditions;

b.   choosing not to keep his vehicle under proper control;

c.   choosing not to keep a proper lookout;

d.   choosing to drive distracted;

e.   choosing not to use the degree of care and caution that a reasonably prudent

commercial truck driver would use under the circumstances; and

f.   in such other particulars that may be found through discovery or trial.

16. Defendant RPM was negligent, careless, reckless and/or grossly negligent

in at least one of the following ways:

a.   choosing not to adequately train personnel;

b.   choosing not to adequately supervise personnel;

c.   choosing to retain unqualified, unsafe personnel;

d.   choosing to violate federal and/or state regulations related to the operation

of commercial motor vehicles;

e.   choosing to allow employees, agents, and/or servants to operate commercial

motor vehicles despite knowledge of their inability to safely do so; and

f.   in such other particulars as may be found thorough discovery or trial.

17. By reason and in consequence of the Defendants' aforesaid acts and/or omissions, Plaintiff sustained serious damages, outlined in this Complaint and incorporated into this cause of action.

WHEREFORE, Plaintiff prays as follows: (a) that Plaintiff recover a judgment against the Defendants in the amount sufficient to compensate for her actual damages; (b) that Plaintiff recovers a judgment for an amount of punitive damages as authorized by law; (c) that Plaintiff recovers all costs associated with this action; and (d) that Plaintiff recovers such other relief as the Court may deem just and proper.

Respectfully submitted,

**LAW OFFICE OF KENNETH E. BERGER, LLC**

s/ *Symone Kimelman*
A. Symone Kimelman | skimelman@bergerlawsc.com
(Federal ID # 14171)
Kenneth E. Berger | kberger@bergerlawsc.com
(Federal ID # 11083)
Law Office of Kenneth E. Berger, LLC
5205 Forest Drive
Columbia, SC 29206
Phone: (803) 790-2800
Fax: (803) 790-2870

Attorneys for the Plaintiff

December 15, 2025
Columbia, South Carolina